UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| QUANTA T. BLACK, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 3:15 CV 01015 |
| v. ) | Judge Marvin E. Aspen |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

# MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Presently before us is Quanta Black's 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence for possessing a firearm as a convicted felon, 18 U.S.C. § 922(g)(1). Because it is clear from the motion and the record of prior proceedings that Black is not entitled to relief, *see* Rule Governing § 2255 Proceedings 4(b), we deny his motion.

## BACKGROUND

We sentenced Black to 155 months' imprisonment on July 6, 2012, after he pled guilty to being a felon in possession of a firearm. *United States v. Black*, No. 3:11-cr-00185-1 (M.D. Tenn. July 6, 2012) (Dkt. No. 38). At sentencing, we applied a four-level enhancement to his Base Offense Level under U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 2K2.1(a)(2), because we concluded Black had two prior convictions that qualified as crimes of violence as defined in § 4B1.2(a)(1). Black's original judgment became final on July 20, 2015, fourteen

days after the entry of judgment.¹ Fed. R. App. P. 4(b)(1). Black did not timely appeal his conviction.²

Black filed the present § 2255 motion to vacate, set aside, or correct his sentence in light of *Johnson v. United States,* — U.S. —, 135 S. Ct. 2551 (2015), on September 21, 2015. (Dkt. No. 1.) The Supreme Court decided *Johnson* on June 26, 2015. — U.S. —, 135 S. Ct. 2551 (2015). Accordingly, Black's instant motion is timely pursuant to 28 U.S.C. § 2255(f)(3).

## ANALYSIS

Black argues that his four-level § 2K2.1(a)(2) enhancement was improper because his predicate convictions "do not qualify as 'crimes of violence' for § 2K2.1(a)(2) purposes" under *Johnson v. United States*, — U.S. —, 135 S. Ct. 2551 (2015).³ (Mot. (Dkt. No. 1) at ¶ C.) At the time we sentenced Black, the sentencing guidelines defined a "crime of violence" as any federal or state offense that:

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
(2) is a burglary of a dwelling, arson, or extortion, involves use of explosives or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a) (amended August 1, 2016).

---

¹ Black's original judgment contained a typographical error stating that he had been sentenced as an armed career criminal under 18 U.S.C. § 924(e). *Black*, No. 3:11-cr-00185-1 (Dkt. No. 38). On August 20, 2015, we issued an amended judgment correcting that error, and clarifying that Black was not sentenced as an armed career criminal. *Id.* (Dkt. No. 49).
² On October 4, 2013, Black filed a motion for an extension of time to file a motion challenging his sentence under 28 U.S.C. § 2255. *Black*, No. 3:11-cr-00185-1 (Dkt. No. 42). We denied that motion because we do not have the authority to grant an extension of time past the deadline imposed in § 2255(f). *Id.* (Dkt. No. 43).
³ Black raised the same argument in his June 11, 2015 filing seeking an adjustment to his sentencing guidelines range. *Black*, No. 3:11-cr-00185-1 (Dkt. No. 51 ¶ 1). We denied that request for much the same reasons that we deny the present motion. *Id.* (Dkt. No. 52).

Black contends that we determined his prior convictions were "crimes of violence" under § 2K2.1(a)(2) "by application of § 4B1.2(a)(2)'s residual clause." (Mot. ¶ B.3.) As Black observes, the Supreme Court recently held the Armed Career Criminal Act's identical residual clause was unconstitutionally vague. *Johnson v. United States*, — U.S. —, 135 S. Ct. 2551, 2557–59, 63; 18 U.S.C. § 924(e)(2)(B)(ii) (stating in part that a "violent felony" includes a crime that "involves conduct that presents a serious potential risk of physical injury to another"). The United States Sentencing Commission, in response to *Johnson*, amended its guidelines and removed § 4B1.2(a)(2)'s residual clause. U.S.S.G. § 4B1.2 (supplement) (amended August 1, 2016).

However, neither the Supreme Court's holding in *Johnson* nor the Sentencing Commission's alteration of § 4B1.2(a)(2) invalidates Black's sentence, because we did not rely on the residual clause when imposing the § 2K2.1(a)(2) enhancement. Rather, we relied on § 4B1.2(a)(1). Black's underlying convictions are for second degree assault under Kentucky Revised Statutes ("KRS") § 508.20. *Black*, No. 3:11-cr-00185-1 (Dkt. No. 36 at 1–2). Under Kentucky law, a person is guilty second degree of assault if:

(a) He intentionally causes serious physical injury to another person; or
(b) He intentionally causes physical injury to another person by means of a deadly weapon or a dangerous instrument; or
(c) He wantonly causes serious physical injury to another person by means of a deadly weapon or a dangerous instrument.

KRS § 508.20(a)–(c). Because KRS § 508.20 "requires proof of physical injury or serious physical injury," all convictions under that statute qualify as "crimes of violence" based on the definition in § 4B1.2(a)(1). *United States v. Collins*, 799 F.3d 554, 596–97 (6th Cir. 2015); U.S.S.G. § 4B1.2(a)(1) (supplement) (amended August 1, 2016) (stating that "crime of violence" includes those offenses that "ha[ve] as an element the use, attempted use, or threatened use of

physical force against the person of another"). Thus, Black's convictions under KRS § 508.20 qualify as "crimes of violence" for the purposes of the § 2K2.1(a)(2) enhancement without reference to § 4B1.2(a)(2)'s residual clause.

Finally, we decline to enter a certificate of appealability in Black's case. The Rules Governing § 2255 Proceedings require that a district court "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule Governing § 2255 Proceedings 11(a). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). That is, Black must make a substantial showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 3394 (1983)). Specifically, Black "must demonstrate that reasonable jurists would find the district court's assessment of [his] constitutional claims debatable or wrong." *Id.* at 484, 120 S.Ct. at 1604. Because we find that no reasonable jurists would differ on our disposition of Black's § 2255 motion, we decline to issue a certificate of appealability.

## CONCLUSION

For the reasons set forth above, Black's 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence is denied. We also decline to issue a certificate of appealability. It is so ordered.

_____
Honorable Marvin E. Aspen
United States District Judge

Dated: October 4, 2016
       Chicago, Illinois