# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| QUANTA T. BLACK, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 3:15 CV 01015 |
| v. ) | Judge Marvin E. Aspen |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Presently before us is Quanta Black's application for leave to proceed *in forma pauperis* on appeal of our order denying his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. (Dkt. No. 13.) For the reasons set forth below, we certify that Black's appeal would not be taken in good faith, and deny his application.

## BACKGROUND

We sentenced Black to 155 months imprisonment on July 6, 2012, after he pled guilty to being a felon in possession of a firearm. *United States v. Black*, No. 3:11–cr–00185–1 (M.D. Tenn. July 6, 2012) (Dkt. No. 38). At sentencing, we applied a four-level enhancement to his Base Offense Level under U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 2K2.1(a)(2), because we concluded Black had two prior convictions that qualified as "crimes of violence" as defined in § 4B1.2(a)(1). On September 21, 2015, Black filed a § 2255 motion to vacate, set aside, or correct his sentence in light of *Johnson v. United States*,

— U.S. —, 135 S. Ct. 2551 (2015). (Dkt. No. 1.) We denied Black's motion on October 4, 2016, and simultaneously declined to issue a certificate of appealability. (Dkt. No. 6 at 3–5.)

Black filed a notice of appeal on October 17, 2016, but did not include either the required $505 filing fee or an application to proceed *in forma pauperis* on appeal. (Dkt. No. 10.) On October 25, 2016, we ordered Black to, within 30 days, either pay the $505 filing fee or submit a motion to proceed *in forma pauperis* on appeal pursuant to Rule 24(a) of the Federal Rules of Appellate Procedure, including an affidavit claiming entitlement to redress and stating the issues that he intends to present on appeal. (Dkt. No. 11.) Black filed an application to proceed *in forma pauperis* on October 31, 2016. (Dkt. No. 13.) Because his application lacked an affidavit claiming entitlement to redress and stating the issues that he intends to present on appeal, we ordered Black to submit such an affidavit by November 24, 2016. (Dkt. No. 14.) On November 14, 2016, Black submitted a supplement to his application to proceed *in forma pauperis* on appeal, including an affidavit claiming entitlement to redress and stating the issues that he intends to present on appeal. (Dkt. No. 18 at Pg. ID #84.)

## ANALYSIS

"[A] prisoner who is unable to pay the required filing fees may seek leave to file an appeal in a . . . § 2255 action pursuant to Rule 24(a) of the Federal Rules of Appellate Procedure." *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). To proceed *in forma pauperis* on appeal from the denial of a § 2255 motion, a prisoner must file a motion in the district court accompanied by an affidavit that: "(A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to

present on appeal." Fed. R. App. P. 24(a)(1). If the district court denies the prisoner's motion or "certifies that an appeal would not be taken in good faith," the prisoner may then make the motion in the appellate court. Fed. R. App. P. 24(a)(5); *see Dennis v. Stephenson*, No. 14 C 2004, 2014 WL 3045147, at *4 (W.D. Tenn. July 3, 2014) ("[B]ecause Petitioner is clearly not entitled to relief, the Court determines that any appeal would not be taken in good faith."); *Simmons v. Anderson*, No. 06 C 2144, 2006 WL 1049329, at *3 (W.D. Tenn. April 20, 2006) (observing that, for the purposes of Rule 24 of the Federal Rules of Appellate Procedure, "[a]n appeal is not taken in good faith if the issue presented is frivolous" (citing *Coppedge v. United States*, 369 U.S. 438, 445, 82 S. Ct. 917, 921 (1962)); *Koos v. Holm*, 204 F. Supp. 2d 1099, 1110–11 (W.D. Tenn. 2002) (certifying that appeal would not be in good faith because the petitioner's arguments on appeal "would lack even arguable merit"); *Evans v. Holm*, 114 F. Supp. 2d 706, 715 (W.D. Tenn. 2000) (same).

In the present application, Black states that his "issues on appeal are based on the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015)." (Dkt. No. 18 at Pg. ID #84.) Presumably Black is arguing, as he did in his § 2255 motion to vacate, set aside, or correct his sentence, that his four-level § 2K2.1(a)(2) enhancement was improper because his predicate convictions "do not qualify as 'crimes of violence' for § 2K2.1(a)(2) purposes" under *Johnson v. United States*, — U.S. —, 135 S. Ct. 2551 (2015). (Dkt. No. 1 ¶ C.) Specifically, Black argued that we determined his crimes were "crimes of violence" by "application of U.S.S.G. § 4B1.2(a)(2)'s residual clause." (*Id.* ¶ B.3.) In *Johnson*, the Supreme Court held the Armed Career Criminal Act's identical residual clause was unconstitutionally vague. *Johnson*, 35 S. Ct. at 2557–59, 63. Subsequently, the United States

3

Sentencing Commission removed § 4B1.2(a)(2)'s residual clause from its guidelines. U.S.S.G. § 4B1.2 (supplement) (amended August 1, 2016).

However, as we explained in our order denying his motion, we relied on § 4B1.2(a)(1), not § 4B1.2(a)(2)'s residual clause, when sentencing Black. (Dkt. No. 6 at 2–3.) Black's underlying convictions are for second degree assault under Kentucky Revised Statutes § 508.20, which the Sixth Circuit has held "requires proof of physical injury or serious physical injury." *United States v. Collins*, 799 F.3d 554, 596–97 (6th Cir. 2015), *cert. denied*, 135 S. Ct. 601 (2015) (mem.). Accordingly, convictions under that statute qualify as "crimes of violence" based on the definition in § 4B1.2(a)(1). *Id.* Thus, we held that Black's sentence was not invalidated by *Johnson* and denied his § 2255 motion, and simultaneously declined to issue a certificate of appealability. (Dkt. No. 6 at 3–4.) For those same reasons, we certify that Black's appeal is not taken in good faith, and deny his application to proceed *in forma pauperis* on appeal.

## CONCLUSION

For the reasons set forth above, we deny Black's application to proceed *in forma pauperis* on appeal and certify, pursuant to Rule 24(a) of the Federal Rules of Appellate procedure, that this appeal is not taken in good faith. To proceed on appeal, Black must either pay the $505 filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Sixth Circuit, accompanied by a copy of the affidavit filed in this court and our statement of reasons for denying his application. It is so ordered.

_____
Honorable Marvin E. Aspen
United States District Judge

Dated: November 17, 2016
       Chicago, Illinois